[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court in connection with Plaintiff's contempt citation of September 4, 1996, wherein she alleges that the Defendant failed to make certain payments to her as required by this Court's decree of dissolution of marriage dated August 1, 1995 (the "Decree"). Specifically, the Decree provided that the Defendant was to pay to the Plaintiff the sum of $16,500.00, to be secured by a mortgage on the marital premises, with an initial principal payment of $2,500.00 (together with accrued interest at the rate of 4% per annum) to be made on May 15, 1996, and the remaining principal balance ($14,000.00) (together with accrued interest at the rate of 4%) to be paid upon the earliest of the Defendant's remarriage, sale of the premises, the Defendant ceasing to use the premises as his principal residence, or July 1, 1999. The Decree further ordered that the underlying note and mortgage to be made in favor of the Plaintiff provide for a default interest rate of 8% per annum. Finally, the Defendant was ordered to pay to the Plaintiff the sum of $1,000.00 toward her counsel fees, said payment to be made in monthly installments of $50.00 each commencing on August 15, 1995 and continuing on the fifteenth day of each month thereafter until fully paid.
The Defendant does not deny that his obligations under the Decree are as stated as above nor does he deny that he has failed to comply with those obligations (other than making payments totalling $470.00 through and including the completion of the hearing on the subject contempt motion). He acknowledges that he remarried in February of 1996 and, accordingly, his payment obligations under the Decree (with the exception of the attorneys' fee provision) accelerated at that time. He contends, however, that, subsequent to the entry of said Decree, his teaching position with the University of Rhode Island was not renewed and he has since been unable to comply with his CT Page 4611 obligations under the Decree. The Court is not persuaded.
An adjudication of contempt requires a finding that the Defendant willfully disobeyed an order of this Court. The Defendant's position is that his failure to comply with the Decree arises from an inability to pay rather than willful disobedience of this Court's order. This Court finds that the Defendant had the ability to comply, or substantially comply, with the Decree and made virtually no effort to do so. Apart from the Defendant's rather substantial equity in his residence ($35,000.00 according to his sworn financial affidavit submitted in connection with these proceedings), the Defendant has certain retirement funds (TIAA teachers' retirement), in the approximate amount of $15,000.00, which he offered to liquidate in the course of proceedings conducted before this Court on February 28, 1997. He contends that he never took steps to liquidate the funds at an earlier time because he forgot about them. The Court finds this contention not to be credible, particularly in view of the Defendant's reference to these funds in his financial affidavit submitted in connection with the dissolution proceedings (as to which this Court takes judicial notice) as well as the trial court's reference in the Decree to said retirement funds. Moreover, while the Defendant's employment with the University of Rhode Island may not have been renewed in September of 1995, the Court finds that the Defendant has derived, and continues to derive, income from a number of sources. This includes: income from Three Rivers Community College where the Defendant teaches ($2,500.00 per course with the Defendant currently teaching two courses and having taught four other courses over the past year); teaching income from Rhode Island School of Design ($3,000.00 per course with the Defendant teaching a course at the present time); income from journalism (as the art critic for the Norwich Bulletin where he earns $50.00 per column which he writes on a weekly basis for the most part); and $100.00 per week as a boarding contribution from his current wife (who currently earns $35,000.00 per year and, together with her three children, lives with the Defendant). Notwithstanding the amount and sources of income as, described above, the Defendant has failed to make any payments to the Plaintiff for the past 20 months since the entry of the Decree (other than the $470.00 noted above). His claimed inability to pay, which this Court does not accept, is even less plausible as regards his obligation to pay $50.00 per month toward the attorneys' fees as required by the Decree. Moreover, the Court further observes that, subsequent to service of the CT Page 4612 contempt citation which is the subject of these proceedings, the parties entered into an interim agreement before this Court on November 4, 1996, pursuant to which the Defendant was to pay, inter alia, the sum of $25.00 per week toward his obligations under the Decree. He failed to meet his minimal obligations under this interim agreement as well, and the Court views such noncompliance to be further evidence of the willfulness of the Defendant's disregard of his obligations under the Decree.
Accordingly, the Court finds that the Defendant has willfully disobeyed and disregarded his obligations under the Decree and, therefore, adjudges him to be in contempt of court. This Court has chosen not to incarcerate the Defendant, which decision is due in large part to the representation of Plaintiff's counsel that incarceration of the Defendant is not sought at this time. The Court finds that there is due and owing to the Plaintiff the sum of $16,500.00 as provided in the Decree, interest thereon in the amount of $2,384.82 (through April 20, 1996) and attorneys' fees under the Decree in the amount of $1,000.00. The Court further awards to the Plaintiff attorneys' fees in the amount of $2,500.00. The Defendant's obligations as of April 20, 1997, as set forth herein, total $22,384.82.
The Defendant will satisfy his obligations as follows: he shall forthwith cause the TIAA retirement fund to be liquidated in its entirety with TIAA to retain, for tax purposes, the minimum amount which it is required by law to retain. The Defendant shall cause all remaining funds to be disbursed by TIAA to be sent to Plaintiff's counsel. (The Court will retain jurisdiction to enter a qualified domestic relations order in the event the Defendant is unable to cause the disbursement of the TIAA funds; in such event, the amount to be credited against Defendant's obligations as set forth herein shall be the amount received upon liquidation of said funds net of taxes and penalties). Plaintiff's counsel shall set aside, from the funds so received, the sum of $3,500.00 to be applied toward the satisfaction of legal fees awarded in the Decree and pursuant to the terms hereof. The remaining balance of said funds shall be disbursed forthwith to the Plaintiff. The difference between the obligations owing to the Plaintiff ($16,500.00 principal plus $2,384.82 interest plus $3.62 per diem to accrue until disbursement of funds is made) and the amount of the funds disbursed to the Plaintiff shall be paid by the Defendant, together with interest at the rate of 8% per CT Page 4613 annum, in equal monthly payments amortized over a period of two years (said two-year period to commence upon the disbursement of funds to Plaintiff by Attorney Bevza as directed herein). The Court will retain jurisdiction in the event any issue arises between the parties regarding the amount of the monthly payments to be made pursuant hereto. The promissory note and mortgage required pursuant to the Decree shall remain in full force and effect until such time as the Defendant's obligations to the Plaintiff are fully paid.
Solomon, J.